UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS

JONATHAN P. SHEETZ,           )
      Plaintiff,              )
                              )
           v.                 )     C.A. No. 10-10844-MLW
                              )
MIREIA MARTI,                 )
      Defendant.              )

                        MEMORANDUM AND ORDER

WOLF, D.J.                                              May 19, 2010

   Plaintiff Jonathan P. Sheetz has filed a complaint which names Mireia Marti as the defendant. However, Sheetz alleges no cause of action against Marti. The sole relief Sheetz requests is the issuance of a subpoena to the Department of Homeland Security for documents he seeks in connection with divorce proceedings that are pending in the Barnstable County Probate Court.

   "Article III limits [the court's] jurisdiction to 'cases and controversies,' and [the court's] 'obligation to inquire sua sponte into [its] jurisdiction over the matter' exists in every case." Fideleicomiso De La Tierra Del Cano Martin Pena v. Fortuno, --- F.3d ---, 2010 WL 1692449, at *6 (1st Cir. Apr. 28, 2010) (citation omitted). See also Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); Charles A. Wright & Arthur R. Miller, 5C Federal Practice and Procedure §1393, 544 (2004) ("'If Federal jurisdiction is not apparent, the Court not only will, but must, refuse to proceed with the determination of the merits of the controversy, unless this failure can be cured. This is true regardless of what stage the case may be in, and whether the defect

is called to the Court's attention by suggestion of the parties, or otherwise. . . .'") (quoting Florida Lime & Avocado Growers, Inc. v. Jacobson, 169 F. Supp. 774, 775-76 (D.C. Cal. 1958), rev'd on other grounds, 362 U.S. 73 (1960)).

Sheetz alleges that the court has jurisdiction in this case pursuant to 5 U.S.C. §552a(b)(11). However, that statute does not provide a basis for federal jurisdiction. Rather, it identifies an exception to the general rule under the Privacy Act, 5 U.S.C. §552a, that "[n]o agency shall disclose any record which is contained in a system of records, except pursuant to a written request by, or with the prior consent of, the individual to whom the record pertains. . . ." 5 U.S.C.§552a(b). The provision relied upon by Sheetz authorizes an agency to disclose otherwise private records "pursuant to the order of a court of competent jurisdiction." 5 U.S.C. §552a(b)(11). Subpoenas issued by United States District Courts "qualify" under this provision. See Doe v. DiGenova, 779 F.2d 74, 85 (D.C. Cir. 1985). However, in the absence of federal question jurisdiction under 28 U.S.C. §1331, diversity jurisdiction under 28 U.S.C. §1332, or some other statutory grant of jurisdiction over a case and controversy, this court lacks authority to issue a subpoena.

At this point, the court can discern no basis for its jurisdiction in this matter. However, it is most appropriate to provide plaintiff an opportunity to either file an amended complaint which alleges a proper basis for the court's jurisdiction or a memorandum of law seeking to demonstrate that the court has

2

jurisdiction over the existing complaint. See <u>Martinez-Rivera v. Sanchez Ramos</u>, 498 F.3d 3, 7 (1st Cir. 2007). Therefore, it is hereby ORDERED that Sheetz shall, by May 26, 2010, either file such an amended complaint or such a memorandum.


   /s/ Mark L. Wolf
UNITED STATES DISTRICT JUDGE