UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION No. 1:10-cv-10844-MLW

JONATHAN P. SHEETZ,
*Plaintiff,*

v.

MIREIA MARTI,
*Defendant.*

PLAINTIFF'S FIRST AMENDED COMPLAINT

Jonathan P. Sheetz, by his attorneys, Evan T Lawson, Pamela B. Bankert and Dean J. Hutchison of Lawson & Weitzen, LLP, 88 Black Falcon Ave., Boston, MA 02653, Tel: 617-439-4990.

Plaintiff, Jonathan P. Sheetz, by and through its undersigned counsel, for its Complaint against Defendant Mireia Marti states the following. Allegations made on belief are premised on the belief that the same are likely to have evidentiary support after a reasonable opportunity for further investigation and discovery.

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant to 28 USC 1332(a) (diversity of citizenship). The amount in question exceeds $75,000. Venue is proper in this district pursuant to 28 USC 1391(c).

## THE PARTIES

2. Plaintiff, Jonathan P. Sheetz (Sheetz) is a Massachusetts resident residing at 28 Fr. Lillie Road, Woods Hole, Massachusetts, 02543.

3. Defendant, Mireia Marti (Marti), based upon representations made to the Barnstable Probate Court, currently resides at Calle Milans 11, Barcelona, Spain, 08302.

## FACTUAL BACKGROUND

4. The parties were married on April 4, 2005 in El Paso, Texas. There were two minor children born of the marriage, Thanit (dob: 10/7/06) and Athena (dob: 7/8/07). Both children were born in Spain but are registered as United States citizens. Divorce proceedings are presently

pending in Barnstable County Probate Court, Docket No. BA10D0019DR. The Complaint for Divorce was initially filed on or about January 7, 2010 by Sheetz. On April 26, 2010 an Amended Complaint was filed alleging irretrievable breakdown and cruel and abusive treatment of Plaintiff. This Complaint is still pending and proceeding through litigation.

5. Plaintiff has resided at 28 Fr. Lillie Road, Woods Hole, Massachusetts since December 2008.

6. After briefly living abroad and giving birth to the parties' youngest daughter, Marti returned to the United States to reside with Sheetz in Woods Hole, Massachusetts in February 2009. Until recently, Marti has held herself out as a permanent resident of the United States since 2005 and in 2008 actually obtained a green card.

7. While residing in Woods Hole, Massachusetts, Marti began receiving shipments of an unknown poison from a friend in Barcelona, Spain, Raquel Lozano who is employed in the medical field, which she administered to Sheetz without his knowledge or consent at various times beginning in June 2009.

8. On or about January 2010 Sheetz started to experience flu like symptoms in conjunction with some neurological problems.

9. On or about February 12, 2010 Sheetz sought medical care including various tests.

10. In addition to significant neuromuscular abnormalities, on May 6, 2010 Sheetz obtained hair follicle testing results showing poisoning with zinc.

11. Sheetz continues to receive care for the zinc toxicity and other medical issues related to the ingestion and administration of poison(s) to Sheetz.

## COUNT ONE
### Battery

12. Plaintiff hereby realleges and incorporates by reference Paragraphs 1 through 11 of this Complaint as if fully set forth herein.

13. Defendant intended to cause and did cause harmful and offensive contact with Plaintiff's person.

14. Plaintiff did not consent to Defendant's act.

15. As a direct and proximate result of Defendant's conduct Plaintiff has extremely elevated levels of zinc in his body and has been diagnosed with poisoning. Defendant's conduct was intentional and malicious and done for the purpose of causing Plaintiff to suffer humiliation, mental anguish, and emotional and physical distress. Plaintiff is informed and believes, and on that basis alleges, that Plaintiff has or will suffer permanent disability. These injuries have

caused Plaintiff to suffer general damages an amount greater than $75,000 to be determined by proof at trial.

16. As a direct and proximate result of defendant's conduct, Plaintiff was required to obtain medical services and treatment which is ongoing and Plaintiff will, in the future, be compelled to incur additional obligations for medical treatment in an amount to be determined by proof at trial.

17. Defendant, Marti's, actions inflicted pain and suffering upon Plaintiff.

18. Plaintiff seeks compensatory and punitive damages in an amount in excess of the jurisdictional amount set forth in 28 USC §1332. Plaintiff also seeks any and all additional remedies available under law and equity.

## COUNT TWO
### Assault

19. Plaintiff hereby realleges and incorporates by reference Paragraphs 1 through 18 of this Complaint as if fully set forth herein.

20. Defendant intended to cause and did cause plaintiff to suffer apprehension of an immediate harmful contact.

21. Plaintiff seeks compensatory and punitive damages in an amount in excess of the jurisdictional amount set forth in 28 USC §1332. Plaintiff also seeks any and all additional remedies available under law and equity.

## COUNT THREE
### Intentional Infliction of Emotional Distress

22. Plaintiff hereby realleges and incorporates by reference Paragraphs 1 through 21 of this Complaint as if fully set forth herein.

23. Defendant Marti's, conduct was extreme and outrageous with the intent of and reckless disregard for causing emotional distress to Plaintiff.

24. Plaintiff suffered severe and extreme emotional distress as the actual and proximate result of Defendant's conduct.

25. As a direct and proximate result of the wrongful conduct of Defendant Marti, Plaintiff suffered humiliation, mental anguish and emotional distress and has been injured in mind and body.

26. Plaintiff seeks compensatory and punitive damages in an amount in excess of the jurisdictional amount set forth in 28 USC §1332. Plaintiff also seeks any and all additional remedies available under law and equity.

## COUNT FOUR
### Negligent Infliction of Emotional Distress

27. Plaintiff hereby realleges and incorporates by reference Paragraphs 1 through 26 of this Complaint as if fully set forth herein.

28. Defendant Marti knew or should have known that her actions would cause Plaintiff severe emotional distress.

29. Defendant negligently inflicted severe emotional distress on Plaintiff. Defendant's negligence directly and foreseeably harmed Plaintiff.

## RELIEF REQUESTED

WHEREFORE, Plaintiff prays that:

1. For general damages for the assault and battery committed by Defendant in an amount greater than $75,000;
2. For medical and related expenses according to proof at trial;
3. For general damages for severe emotional distress and mental suffering in an amount greater than $75,000;
4. Defendant be ordered to pay Plaintiff's costs and reasonable attorney's fees;
5. Plaintiff be granted further relief as the Court sees just.

Date: May 26, 2010

Respectfully submitted,
**Jonathan Sheetz,**
By his attorneys,

/s/ Dean J. Hutchison
Evan T. Lawson (BBO # 289280)
Dean J. Hutchison (BBO# 658891)
Lawson & Weitzen, LLP
88 Black Falcon Avenue, Suite 345
Boston, MA 02210-1736
Telephone: (617) 439-4990
Facsimile: (617) 439-3987

**CERTIFICATE OF SERVICE**

I hereby certify that this Document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on May 26, 2010.

/s/ Dean J. Hutchison